UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LINDA BAYS,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security, et al.,

Defendants.

NO: 2:14-CV-0320-TOR

ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is a Report and Recommendation (R&R) issued by Magistrate Judge John T. Rodgers (ECF No. 33), which recommends this Court grant Defendant's Motion to Dismiss in Part (ECF No. 16) and deny Plaintiff's Motion for Summary Judgment and/or for Declaratory Judgment (ECF No. 21). On December 2, 2015, Plaintiff timely filed objections to the R&R. ECF No. 34. Defendant filed a response. ECF No. 35.

The Court has reviewed the R&R, the parties' briefing and the record and files herein, and is fully informed. Because this Court finds Magistrate Judge Rodgers made no clear error in his conclusions, this court adopts the R&R.

**BACKGROUND**

On March 20, 2012, the Social Security Administration ("SSA") sent Plaintiff a notice that her Supplemental Security Income ("SSI") benefits were terminated because she did not give the SSA permission to access information from her financial institutions. Tr. 22-24. By request of Plaintiff, an Administrative Law Judge ("ALJ") held a reconsideration hearing, and issued a decision finding Plaintiff failed to comply with the mandatory requirements of 20 C.F.R. § 416.207[1] and 20 C.F.R § 416.1321[2], and thus, her SSI benefits are not

---

[1] Pursuant to 20 C.F.R. § 416.207(a) an individual applying for or receiving SSI benefits must give the SSA permission to contact any financial institution to request any financial records that the financial institution may have about the individual. If the individual refuses to give the SSA permission to contact any financial institution and request the individual's financial records, the individual cannot be eligible for SSI payments. 20 C.F.R. § 416.207(g).

[2] 20 C.F.R. § 416.1321 provides: "If you don't give us permission to contact any financial institution and request any financial records about you when we think it is necessary to determine your SSI eligibility or payment amount, or if you cancel the permission, you cannot be eligible for SSI payments (see § 416.207) and we will stop your payments."

payable. Tr. 9-12. The Appeals Council denied Plaintiff's request for review on July 26, 2014, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-4; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

On September 30, 2014, proceeding *pro se*, Plaintiff filed a Complaint against Defendants "Commissioner of Social Security," "The Social Security Department for Spokane," "Kathy Bernardi," "Michelle Bakkmen," and John and Jane Does. *See* ECF No. 4. Her Complaint asserts several claims, including denial of equal protection; denial of due process; fraud, violation of the First, Fourth, Fifth and Fourteenth Amendments; extortion; violation of privacy rights; and denial of access to the courts. *Id.* at 10-11. In addition, her Complaint requests reinstatement and backpay of her terminated Supplemental Security Income (SSI) benefits, attorney fees, a declaration that 20 C.F.R. § 416.207 is unconstitutional, and punitive damages. *Id.* at 12.

On November 18, 2015, Magistrate Rodgers issued an R&R, recommending the Court grant the Commissioner's Motion to Dismiss in Part and deny Plaintiff's Motion for Summary Judgment and/or for Declaratory Judgment. ECF No. 33. Specifically, the R&R recommends all Defendants, other than the Commissioner, be dismissed from this action, and that all claims, other than Plaintiff's implicit request for judicial review of the ALJ's decision affirming the SSA's termination of her SSI benefits, be dismissed from this action. *Id.* at 14.

From Plaintiff's briefing the Court has discerned the following objections: that (1) the R&R erred by failing to address Plaintiff's argument that 20 C.F.R. § 416.207 is unconstitutional; (2) the R&R erred by finding her she was not denied due process; and (3) the R&R erred by finding some of Plaintiff's claims lack subject matter jurisdiction. *See* ECF No. 34 at 2-5.

This Court will address each objection in turn.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 72, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

**1. Lawfulness of 20 C.F.R. § 416.207(g)**

Plaintiff contends the R&R fails to address her challenge to 20 C.F.R. § 416.207; whether the regulation is a lawful means to terminate SSI benefits. *See* ECF No. 34 at 1, 2, 5.

The Court finds this argument premature. While Plaintiff is correct in that the R&R did not address her argument concerning the lawfulness of this regulation, the Magistrate effectively reserved this argument by recommending to dismiss all of Plaintiff's claims save her request for judicial review of the termination of her SSI benefits. *See* ECF No. 33 at 14. In fact, the R&R sets forth

a schedule for motion practice pertaining to the issue of judicial review. *Id.* Plaintiff may set forth her challenge to 20 C.F.R. § 416.207 in these scheduled Court submissions. Accordingly, the Court finds no error.

**2. Due Process**

Next, Plaintiff challenges the R&R's finding that she was not denied due process. Specifically, Plaintiff disagrees with the finding that she was properly notified during the redetermination process. In support, Plaintiff presents primarily the same argument she made in her motion for summary judgment. *See* ECF No. 21 at 8-9. Plaintiff asserts the redetermination process took place in two stages. Plaintiff contends the first stage, of which she was notified in March of 2011, was concluded when she provided the SSA her redacted bank statements, and the second stage, a telephonic hearing in March of 2012, required a new notice. ECF No. 34 at 2-4. The R&R found "that the events in 2011 and 2012 were but parts of the same redetermination, of which Plaintiff was properly notified," and concluded that Plaintiff failed to state a cognizable due process claim because her alleged facts "show that Plaintiff received meaningful notice and an opportunity to be heard." ECF No. 33 at 11-12. The Court agrees.

Moreover, the Court finds that amendment as to this cause of action would be futile. Federal Rule of Civil Procedure 15(a) provides that leave to amend a should be "freely give[n] ... when justice so requires." Fed.R.Civ.P. 15(a)(2). The

Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). However, in deciding whether leave to amend is appropriate, a court must consider, *inter alia*, whether an amendment would be futile. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir.2011). Here, Plaintiff alleges there were two redeterminations of her benefits, but the Court finds the Magistrate correctly found there was a single redetermination, of which Plaintiff acknowledges she received notice. *See* ECF Nos. 1 at 2; 21 at 2; 34 at 2. Thus, amendment of her due process claim due to a lack of notice for the second redetermination would be futile.

**3. Subject Matter Jurisdiction**

Last, Plaintiff challenges the R&R's finding that the Court lacks subject matter jurisdiction over some of her claims. ECF No. 34 at 3. In support, Plaintiff asserts she has a right to appeal the SSA's "unconstitutional decisions directly to this court," and references her due process and First Amendment religious exercise claims. *Id.*

Plaintiff misunderstands the reasoning of the R&R. The Magistrate did not find that the Court lacks subject matter jurisdiction over Plaintiff's constitutional claims. Rather, the Magistrate found the court lacks subject matter jurisdiction over Plaintiff's tort, fraud and extortion claims, because such claims are related to

the termination of her SSI benefits and Congress provides the exclusive remedy for these alleged wrongs in the administrative remedial scheme created by the Social Security Act.  The R&R did not state the Court lacks subject matter jurisdiction over Plaintiff's constitutional claims, but recommends Plaintiff's due process claim be dismissed for the reasons discussed above, and found that Plaintiff failed to assert a colorable First Amendment religious exercise claim.  The Court agrees and finds no error.

Accordingly, the Court finds no clear error in the conclusions of the Report and Recommendation, and therefore, for the reasons set forth above and by Magistrate Judge Rodgers,

**IT IS ORDERED:**

1. Plaintiff's Objections to Report and Recommendation (ECF No. 34) are **OVERRULED**.

2. The Report and Recommendation (ECF No. 33) is **ADOPTED in full.**

    a. Pursuant to the doctrine of sovereign immunity, all claims against Defendant "the Social Security Department for Spokane" are **dismissed with prejudice**. The District Court Executive shall **TERMINATE** "the Social Security Department for Spokane" from this action and **STRIKE** this Defendant from the case caption.

      b. Pursuant to 42 U.S.C. § 405(h), all claims against Defendants Kathy Bernardi and any of the John and Jane Does asserted to have been employed by the Commissioner are **dismissed with prejudice**. The District Court Executive shall **TERMINATE** Kathy Bernardi, John Does, and Jane Does from this action and **STRIKE** these Defendants from the case caption.

      c. Pursuant to Fed. R. Civ. P. 4(m), all claims against Defendants Michelle Bakkmen and any remaining Jane Does and John Does are **dismissed without prejudice.** The District Court Executive shall **TERMINATE** Michelle Bakkmen, Jane Does, and John Does from this action and **STRIKE** these Defendants from the case caption.

3. Plaintiff's Motion for Summary Judgment and/or for Declaratory Judgment (ECF No. 21) is **DENIED**.

4. Defendant's Motion to Dismiss in Part (ECF No. 16) is **GRANTED**.

5. This matter is referred back to Magistrate Judge Rodgers for disposition of the parties' cross-motions for summary judgment, which schedule is outlined in the Report and Recommendation (ECF No. 33).


**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter and provide copies to the parties.

**DATED** January 7, 2016.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 9
